UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MARGIEJO LALIBERTE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:17-cv-00308-JCN |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OF DECISION

On Plaintiff Margiejo Laliberte's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform past relevant work and other substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, the Court affirms the administrative decision.

## The Administrative Findings

The Commissioner's final decision is the April 27, 2016, decision of the Administrative Law Judge (ALJ). (ECF No. 6-2.)[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of osteoarthritis, osteoporosis, and carpal tunnel syndrome. The ALJ further determined that the impairments limit Plaintiff's work capacity, but do not deprive her of the residual functional capacity (RFC) to engage in light work, provided she sits no more than six hours and stands no more than six hours in a workday, never climbs ladders, ropes or scaffolds, never is exposed to unprotected heights or dangerous equipment, and only occasionally climbs stairs or ramps, bends, stoops, kneels, crouches and/or crawls. (ALJ Decision ¶¶ 3 – 5, R. 23 – 27.)

The ALJ also found that with her RFC, Plaintiff is able to perform past relevant work as a cashier and/or office worker. (*Id.* ¶ 6, R. 30.) Alternatively, based on vocational expert testimony, the ALJ found that a person with Plaintiff's vocational background and RFC would be able to engage in substantial gainful activity in other occupations, including the representative occupations of retail marker, laundry worker, and mail sorter. (*Id.* ¶ 6, R. 31.) Given her findings, the ALJ concluded that Plaintiff was not under a disability at any time between the alleged onset date, June 30, 2011, and the date last insured, June 30, 2014. (*Id.* ¶ 7, R. 32.)

**Standard of Review**

The Court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st

Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS,* 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Plaintiff argues the ALJ erred when she failed to find Plaintiff's anxiety to be a severe impairment at step 2, failed to give controlling weight to the primary care provider's RFC opinion that Plaintiff cannot perform even sedentary work, and failed to evaluate properly Plaintiff's credibility. (Statement of Errors, ECF No. 8.)

**A.      Step 2 Omission of Anxiety Disorder**

Plaintiff argues that her anxiety symptoms severely limit her ability to perform work activities. (Statement of Errors at 3 – 4.) The ALJ concluded that the record evidence demonstrated that Plaintiff's anxiety symptoms are well controlled by medication and do not cause more than a minimal degree of limitation. (R. 24.)

At step 2 of the sequential evaluation process, a social security disability claimant must establish the alleged conditions are severe, but the burden is *de minimis*, and is designed merely to screen out groundless claims. *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123 – 24 (1st Cir. 1986). The ALJ may find that an impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's

3

ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id.*

Plaintiff's medical records reflect she has a long-standing diagnosis of anxiety. According to Plaintiff's primary care provider of many years, Jeffrey Ray, D.O., Plaintiff "was unable to work even at a sedentary position prior to 2014 due to her pain and anxiety." (Ex. 16F, R. 655.) Plaintiff cites this opinion evidence to support her position that anxiety is a severe condition. Plaintiff argues the ALJ failed to consider appropriately the opinion of Dr. Ray at step 2. (Statement of Errors at 3 – 4.) Plaintiff's argument is unpersuasive.

First, the ALJ discussed Dr. Ray's findings and observations in detail at step 2. As part of her consideration as to whether Plaintiff's complaints of mental conditions, including anxiety, constituted a severe impairment, the ALJ noted that "[i]n January 2012, Dr. Ray stated that [Plaintiff's] anxiety disorder was well-controlled with her present medications." (R. 24.) The ALJ also observed that in February 2013, Dr. Ray assessed Plaintiff's anxiety as "stable on medications." (*Id.*) After discussing the medical record in some detail, and after noting that Plaintiff "has treated her anxiety and depression with the same medications at the same dosages for many years" and that "Plaintiff was able to work with it in the past," the ALJ found Plaintiff's mental impairments to be non-severe. (R. 23 - 25.)

In addition, the ALJ appropriately discussed Dr. Ray's opinion of Plaintiff's inability to work in connection with the ALJ's discussion of Plaintiff's RFC. The ALJ gave the opinion "little weight since it is not supported in [Dr. Ray's] treatment records and not supported by

4

the weight of the medical record." (R. 30.) According to the ALJ, Dr. Ray's records "fail to describe limitations that would support his opinion." (*Id.*) This assessment is consistent with and supported the ALJ's step 2 analysis referenced above. That is, Dr. Ray's records include numerous entries and findings that support the ALJ's conclusion that Plaintiff's anxiety was not severe. In addition to the entries discussed above, in March 2011, the ALJ observed that Dr. Ray noted "negative for psychiatric symptoms" (Ex. 4F at 68); in August 2011, "minimal depression;" in May 2012, Plaintiff denied psychiatric symptoms; in November 2012, a normal psychiatric examination; in February 2013, no difficulty meeting obligations due to anxiety, stable on medications; and in May 2014, a normal psychiatric examination. (R. 24 – 25.)

Furthermore, the two consulting physicians who reviewed Plaintiff's claim on behalf of Disability Determination Services concluded that Plaintiff's anxiety is non-severe. On July 11, 2014, Robert Maierhofer, Ph.D., reviewed the medical record and Plaintiff's report of symptoms and concluded that Plaintiff's anxiety-related disorder is non-severe. (Ex. 1A, R. 86.) Similarly, upon reconsideration of the administrative denial of Plaintiff's claim, on October 24, 2014, Lewis Lester, Ph.D., reviewed the record and concluded that mental limitations associated with anxiety and depression "are mild & non-severe by SSA standards." (Ex. 3A, R. 97.)

In short, the ALJ appropriately discussed Dr. Ray's findings, and Dr. Ray's opinion that Plaintiff is disabled based in part on anxiety does not compel a contrary finding at step 2.

**B.     Treating Source Opinion**

Plaintiff argues the ALJ erred regarding her evaluation of Dr. Ray's treating source

5

opinion. (Statement of Errors at 2 – 3.) Dr. Ray opined that Plaintiff "was unable to work even at a sedentary position prior to 2014 due to her pain and anxiety which continue to the present time." (Ex. 16F, R. 655.)

According to the applicable regulations, the Social Security Administration ordinarily will "give more weight" to opinions provided by treating sources than to opinions offered by non-treating sources. 20 C.F.R. § 404.1527(c)(2). In particular, "controlling weight" is given to "a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s)" if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Id.* In addition, with respect to any expert opinion, "the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion." *Id.* § 404.1527(c)(4). "Other factors" include "the extent to which a medical source is familiar with the other information in [the claimant's] case record." *Id.* § 404.1527(c)(6).

The ALJ did not reject Dr. Ray's opinion without consideration. As discussed above, in both her step 2 analysis and in her RFC assessment, the ALJ reviewed and discussed in detail Dr. Ray's records and findings. Based on that review and a review of the other record evidence, the ALJ supportably determined to give Dr. Ray's opinion little weight. In addition to the inconsistent findings and treatment reflected by the record, the ALJ noted that Plaintiff's "objective activities of daily living" were consistent with the ALJ's RFC finding and thus implicitly inconsistent with Dr. Ray's opinion. (R. 30.) The ALJ further observed that Dr. Ray's "records fail to describe limitations that would support his opinion." (*Id.*) Given that

6

the records include reports of Plaintiff activity level, including her use of a weed whacker, raking, and shoveling snow, and that Plaintiff's pain and anxiety have been controlled with medication, the ALJ's determination regarding the weight to afford Dr. Ray's opinion is supported by the record. (R. 27 – 30; Ex. 4F, R. 324, 348, 351, 355, 360, 385 – 86; Ex. 10F, R. 513, 523.)

The ALJ's decision to afford little weight to Dr. Ray's opinion is also supported by the findings of Robert Maierhofer, Ph.D., who reviewed the record in connection with Disability Determination Services initial determination of Plaintiff's claims. On July 11, 2014, Dr. Maierhofer opined that Plaintiff's functional impairment due to anxiety is non-severe. (Ex. 1A, R. 86.) On October 24, 2014, in connection with Plaintiff's request for reconsideration, Lewis Lester, Ph.D., reached the same conclusion. (Ex. 3A, R. 97.) Plaintiff's ability to perform work in accordance with the ALJ's finding is also supported by the opinions of J.H. Hall, M.D., and Nisha Singh, M.D., who addressed Plaintiff's physical impairments and symptoms on behalf of Disability Determination Services at the initial and reconsideration levels, respectively. (Ex. 1A at 89; Ex. 3A at 99 – 100.)

A review of the record, therefore, reveals that the ALJ's decision to afford little weight to Dr. Ray's opinion is supported by the record evidence.

## C. Credibility Assessment

Plaintiff argues the ALJ improperly evaluated her credibility. (Statement of Errors at 4 – 5.) The ALJ found that Plaintiff's testimony and other statements of record concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence of record. (R. 28.) Plaintiff argues that the ALJ's

7

credibility assessment was not supportable given the ALJ's failure to identify activities of daily living that are inconsistent with a disability finding.

"Issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]." *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir. 1965). *See also Shaw v. Sec'y of HHS*, No. 93–2173, 1994 WL 251000, * 4, 1994 U.S. App. LEXIS 14287, *14–15 (1st Cir. 1994) (unpublished) ("Where the facts permit diverse inferences, we will affirm the [Commissioner] even if we might have reached a different result."). Contrary to Plaintiff's argument, as explained above, the ALJ cited certain activities in which Plaintiff has engaged and numerous entries in the medical records to support the conclusion that Plaintiff is not as limited as she asserts. The ALJ's assessment is thus supported by the record. Indeed, to conclude otherwise on this record would effectively substitute the Court's credibility assessment for the ALJ's assessment, which is not the role of the Court on appeal. *Irlanda Ortiz v. Sec'y of HHS*, 955 F.2d 765, 769 (1st Cir. 1991).

## Conclusion

Based on the foregoing analysis, the Court affirms the administrative decision.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of April, 2018.